IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:15cv405-WHA |
| ) | (wo) |
| OUTOKUMPU STAINLESS, USA, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Transfer Venue (Doc. #8), filed on August 24, 2015, and a Motion to Stay (Doc. #13), filed on August 25, 2015, by the Defendant, Outokumpu Stainless USA, LLC ("Outokumpu").

The Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed a Complaint in this case on June 8, 2015. The Plaintiff brings claims for failure to promote on the basis of race in violation of 42 U.S.C. §2000e-2(a)(1) and 42 U.S.C. §1981a, on behalf of charging parties Wallace Dubose, Daniel Nickelson, Steven Jones, Victor Oliver, and a class of at least one other employee adversely affected by the Defendant's employment practices.

The court has federal question subject matter jurisdiction. 28 U.S.C. §1331.

For reasons to be discussed, the Motion to Transfer is due to be GRANTED and the Motion to Stay is due to be DENIED as moot.

**II. STANDARD FOR MOTION TO TRANSFER VENUE**

Section 1404(a) of Title 28 of the United States Code allows a district court to transfer any

civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interest of justice. The statute places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court. *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996); s*ee also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993).

The question of whether to transfer venue is a two-pronged inquiry, which first requires that the alternative venue be one in which the action could originally have been brought by the plaintiff. 28 U.S.C. §1404(a). The second prong requires courts to balance private and public factors to determine if transfer is justified. *See Miot v. Kechijian*, 830 F. Supp. 1460, 1465–66 (S.D.Fla.1993). Courts rely on a number of factors including: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp*., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

### III.  FACTS

The facts, relevant to the pending motion, are as follows:

The Plaintiff EEOC is the agency charged with the administration and enforcement of Title VII. Defendant Outokumpu is the majority owner and operator of a stainless steel processing facility in Calvert, Alabama which is within the Southern District of Alabama. Outokumpu is alleged in the Complaint to have engaged in discrimination on the basis of race when it failed to

2

promote the Charging Parties and a class of at least one other employee to one of six available first line-supervisor positions that were available at its Calvert, Alabama facility.

The Charging Parties who were employed by Outokumpu at the Calvert, Alabama facility are Wallace Dubose ("Dubose"), who resides in Hoover, Alabama, according to company records (Doc. #9-1); Daniel Nickelson ("Nickelson"), who resides in Lisman, Alabama according to company records; Steven Jones ("Jones"), who resides in Evergreen, Alabama; Victor Oliver ("Oliver) who resides in Mobile, Alabama; and Joshua Burrell ("Burrell" or "the class member"), who resides in Mobile, Alabama.   Hoover is located within the Northern District of Alabama, and Mobile, Lisman, and Evergreen are within the Southern District of Alabama.   None of the Charging Parties have a connection to this District.

The Human Resources Manager of Outokumpu states in a Declaration that three management employees were principally involved in the promotion process at issue in this case: former employee John Carter ("Carter") who lives in the United Kingdom; former employee Darren Gates ("Gates") who lives in Spanish Fort, Alabama which is in the Southern District of Alabama, near Mobile, Alabama; and former employee Traci Nix ("Nix") who lives in Birmingham, Alabama which is in the Northern District of Alabama.   (Doc. #9-1).

Outokumpu also identifies six employees who were promoted to the Team Leader positions at issue and will serve as comparators in the case.   Three of those, James Mosley, Darrel Mosley, and William Jones are current Outokumpu employees who live in Wagerville, Bay Minette, and Mt. Vernon, respectively; two, Edward Jordan and Michael Adams, are former employees and the company's last known addresses for them are in Saraland and Brewton, Alabama, respectively, which are in the Southern District of Alabama, and the remaining former

employee, Matthew Dalton, is believed to live out of state. (Doc. #9-1).

In the statement of jurisdiction and venue in the Complaint, Outokumpu states that the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Alabama. It is undisputed, however, that the challenged employment actions occurred in Calvert, within the Southern District of Alabama.

## IV.   DISCUSSION

Outokumpu argues for transfer of venue to the Southern District of Alabama pursuant to 28 U.S.C. §1404(a). The statute requires that the alternate venue be one in which the plaintiff could have brought the case originally. Outokumpu contends that the case could have been brought in the Southern District of Alabama because a Title VII case is properly brought in any judicial district in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the unlawful practice, but if the respondent is not found within any such district, the action may be brought within the judicial district in which the respondent has his principal office. 42 U.S.C. §2000e-5(f)(3). The EEOC concedes this point, and the court finds that the case could have been brought originally in the Southern District of Alabama.

The remaining issue is whether the applicable convenience factors sufficiently weigh in favor of transfer. Those factors are (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of

unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

The court begins its analysis with the factor of the weight to be given the plaintiff's choice of forum because generally, the plaintiff's choice of forum is given deference unless it is clearly outweighed by other considerations.  *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996).

The EEOC cites case law from outside of the Eleventh Circuit for the proposition that the plaintiff's choice of forum should be given special deference in a Title VII case.  *See Turnley v. Banc of America Investment Services, Inc.*, 576 F. Supp. 2d 204, 217 (D. Mass. 2008).

The law in the Eleventh Circuit, however, is that a Title VII case is subject to the same §1404(a) analysis as other cases.  In *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648 (11th Cir. 1993), separate lawsuits were filed against a single employer and all of the cases not originally filed in the Middle District of Georgia were transferred there.  On appeal, the plaintiffs argued that the transfer was an abuse of discretion and that the district courts erred in failing to consider whether the Title VII venue provision conferred a right or privilege to choose the forum for the suit.  The Eleventh Circuit noted that it was not convinced that suits under Title VII lie outside the purview of the transfer clause of 28 U.S.C. §1404.  *Ross*, 980 F.2d at 655 n.13.  The court cited 28 U.S.C. §1404(a) and reasoned that although it was proper for the Title VII suits be brought in either the Southern or Northern District of Georgia, there was no abuse of discretion in the transfer to the Middle District.  The court noted that it was undisputed that the defendant's plant and all

employment records relevant to the suits were located in the Middle District, and it was reasonable for the court to assume that the overwhelming majority of the witnesses whose testimony might be relevant resided in the Middle District of Georgia. *Id.* at 655.

Under *Ross*, therefore, the traditional analysis under §1404(a) applies in this case. Under that traditional §1404(a) analysis, while it is generally true that a plaintiff's choice of forum is entitled to great weight, *Robinson*, 74 F.3d at 260, there are considerations which can mitigate against that weight. One of those considerations is whether the plaintiff's choice of forum is its home forum. As the Supreme Court has explained, when the choice of forum is not the plaintiff's "home forum," the "presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (citation omitted).

Another consideration which mitigates against the weight afforded the plaintiff's choice of forum is also a factor in transfer analysis, namely, the locus of operative events. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). In the Complaint filed in this case, (Doc. #1 at p.2), the EEOC identified the Middle District of Alabama as being an appropriate venue because the alleged unlawful employment practices were committed within the jurisdiction of this district. *See* 42 U.S.C. §2000e-(5)(f)(3) ("any judicial district in the State in which the unlawful employment practice is alleged to have been committed."). It appears to be undisputed, however, that the alleged unlawful practices identified occurred within the Southern District of Alabama, in Calvert, Alabama. When none of the conduct complained of took place in the forum selected by the plaintiff, the plaintiff's choice of forum is of minimal value. *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998).

6

Because the Middle District of Alabama is not the EEOC's home forum and because this district is not the site of any of the operative facts in this case, the EEOC's choice to file its case here, while it is legally proper and will be considered, is not entitled to great weight in the overall §1404(a) analysis.

**Convenience of Parties and Non-Party Witnesses**

The parties are in agreement that the residence of the majority of the material witnesses is an important factor to consider. *See Folkes v. Haley*, 64 F. Supp. 2d 1152, 1155 (M.D. Ala. 1999). In analyzing this factor, the court is not to merely tally the number of witnesses who live in the current forum in comparison to the number located in the proposed transferee forum. *See Carroll v. Texas Instruments, Inc*., 910 F. Supp. 2d 1331, 1335 (M.D. Ala. 2012). The court must look at witnesses likely to testify at trial, and should consider the convenience of nonparty witnesses more than the convenience of party witnesses. *Id.*

The EEOC argues that it, not the Charging Parties, is the party in this case whose convenience the court should consider. The EEOC also argues that the court ought not consider the convenience of current employees of Outokumpu because employees of a company may be so closely aligned with their company that they may be considered a party. *Id.* Given these two arguments by EEOC regarding the party and non-party status of witnesses, the court will consider together the factors of convenience of parties and non-party witnesses, affording the appropriate weight to each.

Outokumpu contends that because none of the Charging Parties reside in the Middle District of Alabama, and four of the five aggrieved Charging Parties reside in the Southern District, transfer would be more convenient to these witnesses. Outokumpu says that the vast

7

majority of likely witnesses, who are current and former employees, live in the Southern District, that the EEOC office that investigated the charges is located there, and that the witnesses who do not reside there live either out of state, out of the country, or are in the Northern District of Alabama, not in the Middle District of Alabama.

The EEOC disputes that the vast majority of likely witnesses reside in the Southern District of Alabama. The EEOC states that the majority of material witnesses actually live closer to Montgomery, Alabama than to Mobile because Charging Party Dubose lives in Hoover, and charging parties Oliver and Nickelson, although they live within the Southern District, live in towns which are equidistant from Montgomery, Alabama in the Middle District and Mobile, Alabama in the Southern District.

The EEOC also states that although Outokumpu has pointed to other individuals who live within the Southern District as being material witnesses, Outokumpu has not made a sufficient showing of what the witnesses would testify to demonstrate the materiality of these witnesses.

One case relied upon by the EEOC, in analyzing the proof necessary to show what witnesses would testify to, explained that a party does not have to identify with certainty of its potential witnesses, or even a summary of the testimony of all of its witnesses, but must provide enough information so that the court can make an educated guess as to what witnesses are likely to be called. *Carroll*, 910 F. Supp. 2d at 1339. In that case, groups of witnesses with varying degrees of relevant information about a patent case were at issue, so the court needed guidance as to which witnesses would be called. *Id.* at 1339. In this case, by contrast, the claims presented challenge the selection of identified comparators over identified applicants by identified decision-makers. The court finds, therefore, that in this case, it can discern that the Charging

8

Parties, a class member, the decision-makers, and the comparators identified as witnesses are likely to provide testimony in this case, and Outokumpu need not make an additional showing of the substance of their testimony for the court to consider them as witnesses in the transfer analysis.

Two persons on behalf of whom the suit is being brought, Charging Party Oliver and class member Burrell, live in Mobile. A decision-maker, Gates, is a former employee of Outokumpu who the company's records indicate lives in Baldwin County, adjacent to Mobile County. Two former employees who are comparators live in towns near Mobile. In addition, if the court considers the convenience of witnesses who are current employees, although with less weight, there are three comparators who live within the Southern District. The convenience gained by transfer for these eight witnesses is compared to the convenience of a Charging Party and former employee/decision-maker who live in the Northern District, a former employee/decision-maker who lives outside of the country, and a former employee who is a comparator who lives out of state. The two Charging Parties who live within the Southern District, but near the Middle District, will not gain or lose convenience with a transfer. The court concludes that the convenience of parties and non-party witnesses weighs somewhat in favor of transfer.

**Location of Documents**

Outokumpu says that it is undisputed that the relevant documents and other sources of proof are located within the Southern District. The EEOC responds that this factor is less important in the age of technology because business records are stored and can be shared electronically. Because the location of sources of proof is a factor the court is to consider under Eleventh Circuit venue precedent, *Manuel*, 430 F.3d at 1135 n.1, even though electronic files may make this factor less significant, it is a factor which the court considers as weighing in favor of

9

transfer.

### Availability of Compulsory Process

Outokumpu states that none of the witnesses reside in the Middle District of Alabama, so it is likely that they will be beyond the subpoena power of the court. The EEOC argues that the witnesses identified are current and former employees whose cooperation can be easily secured by Outokumpu. The court cannot conclude that this factor, distinct from the consideration of the convenience of the witnesses, weighs in favor of transfer.

### Relative Means of the Parties

Outokumpu says the EEOC can bear any expense that may come from a forum change, as it filed the case outside of the forum in which its Birmingham office is located. The EEOC argues that the court should consider that costs to its attorneys are expenses born by taxpayers. The court cannot conclude that this factor weighs in favor of transfer.

### Forum's familiarity with the governing law

Outokumpu has not demonstrated that this factor weighs in favor of transfer.

### The Public Interest

The public interest factor is said to include several considerations one of which is the local interest in the case. *Carroll*, 910 F. Supp.2d at 1340. "There is a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–9 (1947). The more significant the connection to the forum, the greater the interest of the citizens of that forum in the dispute. *See Cellularvision Technology & Telecommunications, L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1191 (S.D. Fla. 2007). The Supreme Court also has noted that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to

the litigation." *Gulf Oil Corp.*, 330 U.S. at 509.

Outokumpu points out that the Middle District of Alabama has no connection to this case and no discrimination is alleged to have occurred in the Middle District of Alabama. The alleged discrimination is stated to have occurred within the Southern District. None of the witnesses, parties, or sources of proof are located in the Middle District of Alabama. Outokumpu and its current employees are within the Southern District of Alabama.

There is little to no public interest in having this case decided in the Middle District of Alabama because this forum has no connection to the case, but there is a very strong public interest in having the case decided in the Southern District of Alabama where the alleged discrimination occurred, and where the Defendant and its employees are located. *Carroll*, 910 F. Supp. 2d at 1340. In light of binding and persuasive precedent interpreting the local interest factor of the public interest analysis, the court finds that this factor weighs strongly in favor of transfer in this case.

Considering all of the relevant factors, and the weight to be given them in this case, as outlined above, it appears to the court that transfer is appropriate. The only connection that this case has to this venue is that the EEOC chose to file its lawsuit here. That choice is legally proper, and has been considered, but it is not entitled to great weight, for the reasons discussed. The assertion that two of the Charging Parties who live within the Southern District of Alabama live in a portion of the Southern District which is equidistant from Montgomery, Alabama within the Middle District of Alabama and Mobile, Alabama also has been considered by the court, as well as the fact that other likely witnesses live outside of either district, but the convenience to witnesses and parties factors overall weighs in favor of transfer. It is also undisputed that the relevant

11

documents and other sources of proof are within the Southern District, which is a factor weighing in favor of transfer. Significantly, the discrimination alleged to have occurred is said to have taken place in the Southern District of Alabama, and none of the conduct at issue occurred in the Middle District of Alabama. The interest in this case of the public in the Southern District is strong, whereas there is little to no public interest in the Middle District, which has no connection to this case. On balance, therefore, the court concludes because the EEOC's choice of forum is not entitled to great weight in this case, the relevant factors for consideration weigh sufficiently in favor of transfer to the Southern District of Alabama to allow transfer under §1404(a). *See Ross*, 980 F.2d at 655. Therefore the Motion to Transfer is due to be GRANTED.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Transfer Venue to the Southern District of Alabama (Doc. #8) is GRANTED.

2. The Clerk is DIRECTED to take the necessary steps to transfer this case to the Southern District of Alabama.

3. The Motion to Stay (Doc. #13) is DENIED as moot.

Done this 25th day of September, 2015.

                                                 /s/ W. Harold Albritton
                                                 W. HAROLD ALBRITTON
                                                 SENIOR UNITED STATES DISTRICT JUDGE